UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT LISENBY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04288-JMS-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Robert Lisenby for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

In November 2017, Lisenby was indicted, along with ten others, with one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2017) (Count One). *United States v. Carroll, et al.*, 1:17-cr-222-JMS-TAB-7 ("Crim. Dkt."), dkt. 1.

In February 2018, the government filed an information pursuant to 21 U.S.C. § 851(a)(1) (2017), alleging that Lisenby had two prior felony drug offenses: a 2011 Indiana conviction for dealing cocaine; and a 2012 Indiana conviction for possessing cocaine. Crim. Dkt. 157. Those prior convictions increased Lisenby's sentencing exposure to a life sentence. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (2017).

In July 2018, Lisenby entered into a binding plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 220. Lisenby agreed to plead guilty as charged. *Id*. at 1. In addition, he stipulated to a factual basis (including that he was accountable for the distribution of between 500 and 1,500 grams of a substance containing a detectable amount of meth), waived his right to file a direct appeal and, other than claims of ineffective assistance of counsel, waived his right to challenge his conviction or sentence in a post-conviction motion. *Id.* at 6-7, 9-10.

As part of the plea agreement, the government agreed to amend the § 851 information to allege that Lisenby had only one prior felony drug offense. *Id*. at 1. The parties agreed that Lisenby's base offense level under the Sentencing Guidelines was 30. *Id*. at 8. The parties further agreed that Lisenby was entitled to a two-level reduction for his acceptance of responsibility and the government agreed to move for an additional one level reduction under U.S.S.G. § 3E1.1(b), bringing Lisenby's adjusted offense level to 27. *Id*. at 8-9. The parties agreed to a sentence "within the range of 276 months and 360 months." *Id*. at 4. The parties acknowledged that "the Court must

accept or reject the [276 months to 360 month sentence] specified in th[e] Plea Agreement" and that if the Court rejected the plea agreement, either party may withdraw from the agreement. *Id*. at 3.

Lisenby's combined plea and sentencing hearing was held on October 24, 2018. Crim. Dkt. 484. He affirmed that he had read the plea agreement and discussed it with counsel and felt he understood the terms of the agreement. Crim. Dkt. 1161 at 7. He confirmed that no one had forced him to plead guilty or made any threats, and that he was pleading guilty of his own free will because he was guilty. *Id*. at 8. And the Assistant United States Attorney affirmed that Lisenby received "the benefit of the most lenient offer the government intended to make in this case" absent Lisenby's cooperation. *Id*. at 7.

Lisenby acknowledged that he understood the information filed by the government "had charged two prior drug felony convictions which would have mandated a life sentence," and that in exchange for his plea of guilty, the government would "withdraw one of those prior convictions" thus reducing his penalty range to a "prison term of not less than 20 years nor more than life." *Id*. at 9.

The Court advised Lisenby of the elements of his offense, including the requirement to prove "that [he] knowingly and intentionally became a member of the conspiracy" and that by pleading guilty he was admitting his guilt as to those elements. *Id.* at 10. The Court also advised Lisenby of the trial rights he was foregoing by pleading guilty. *Id.* at 12-14, 17. Lisenby acknowledged those rights, and also confirmed that he "carefully review[ed]" the stipulation of facts in the plea agreement and verified that the information was true. *Id*. at 10-14, 17.

Lisenby acknowledged that he agreed to a sentence of 23 to 30 years as provided for in the plea agreement. *Id*. at 14, 19. The Court told Lisenby that he was receiving a benefit from the

government "dismissing the second felony or amending the indictment to get rid of that second felony so that [he would] not fac[e] mandatory life." *Id.* at 19. The Court accepted the terms of the binding plea agreement and sentenced him at the low-end of the agreed upon range to 276 months' imprisonment. Crim. Dkt. 484, 488.

On April 24, 2019, Lisenby filed a motion for appointment of counsel for the purpose of pursing a reduced sentence under the First Step Act of 2018 ("FSA"). Crim. Dkt. 636. The Court granted the motion and Federal Public Defender Sara Varner entered her appearance on behalf of Lisenby. Crim. Dkt. 638, 639. On July 16, 2019, Varner moved to withdraw her appearance after having reviewed Lisenby's case for a possible reduction under the FSA. Crim. Dkt. 812. The Court granted Varner's motion and ordered Lisenby to file a motion for a reduction of sentence on or before August 7, 2019, "should he continue to believe that a reduction may be appropriate." Crim. Dkts. 814, 818.

Lisenby did not file a motion to reduce his sentence under the FSA. Instead, on October 21, 2019, he filed a timely motion for relief under § 2255 and a brief in support. Dkt. 1, 2.

### III. Discussion

In support of his § 2255 motion, Lisenby argues that counsel rendered ineffective assistance when she dismissed his questions regarding whether the potential passage of the FSA would be "favorable in the plea bargaining" process or affect any plea deal or sentence. Dkt. 2, p. 5, 6. He also contends that counsel failed to investigate whether he had merely a "buyer-seller" relationship. He contends that there was no "viable evidence" that he "conspired with others named in the[e] indictment." Dkt. 2, p. 9. Finally, Lisenby claims that counsel failed to investigate his defense.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, Lisenby must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The right to effective counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). In the this context, a reasonably competent lawyer must attempt to learn all of the relevant facts of the case, make an estimate of the likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." *Brock-Miller v. United States*, 887 F.3d 298, 308 (7th Cir. 2018) (citing cases). Because Lisenby alleges that his counsel's deficient performance led him to accept a guilty plea, the Court "consider[s] whether [Lisenby] was 'prejudiced by the 'denial of the entire judicial proceeding . . . to which he had a right.'" *Lee v. United States*, 582 U.S. \_\_, 137 S. Ct. 1958, 1967 (2017) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). Thus, Lisenby must show prejudice "by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### A. First Step Act

Lisenby first asserts that his counsel was ineffective by dismissing his questions regarding the impact the FSA would have on his plea. The government argues that counsel was not ineffective because, at the time Lisenby entered his plea, counsel could not have predicted when, and in what form, the FSA would pass.

Lisenby argues that he was not properly advised regarding what could occur should the FSA become law. But "the Sixth Amendment does not require counsel to forecast changes or advances in the law." *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) (citing *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001)). At the time Lisenby entered his plea, in July of 2018, and had his plea and sentencing hearing, in October of 2018, counsel could not have known how the FSA would impact his sentence. An initial version of the FSA passed the House of Representatives in May 2018. H.R. 5682, 115th Cong. (2018). The bill was agreed to with amendments in the Senate on December 18, 2018. S. 752, 115th Cong. (2018). The House approved the bill with Senate amendments on December 20, 2018. *Id.* Thus, while counsel could have been aware of the existence of the initial House version of the FSA at the time of Lisenby's October sentencing hearing, that bill had not yet passed the Senate. Lisenby has presented no evidence or argument to support a contention that counsel should have known at the time whether it would pass or in what form the bill would pass. He has therefore failed to show that counsel was ineffective in this regard.

### B. Buyer-Seller Relationship

Lisenby next argues that his counsel should have argued that he had a buyer-seller relationship, instead of that of a co-conspirator.

Lisenby's statements that he was not a conspirator are "belied by his own statements at the

6

change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("*Nunez I*") ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). Specifically, Lisenby testified at his plea and sentencing hearing that the factual basis in his plea agreement, stating that he participated in a methamphetamine distribution organization in which he distributed methamphetamine that had been distributed to him, were true. Crim. dkt. 1161 p. 17; Crim. dkt. 220 p. 6-7. Lisenby therefore cannot now argue that he was not a conspirator.

### C. Failure to Investigate

Finally, Lisenby argues that his counsel failed to investigate the charges against him, resulting in a longer sentence than he otherwise would have faced. Lisenby states that that counsel failed to investigate whether he was a conspirator or in a buyer-seller relationship and failed to argue mitigating factors during sentencing.

A "petitioner alleging that counsel's ineffectiveness was centered on a failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)). Lisenby has failed to provide any evidence of what further investigation by his counsel would have revealed. Further, as the Court has already explained, Lisenby admitted in his plea agreement to being a conspirator. Lisenby therefore has failed to show that his counsel was

ineffective.

## IV. Conclusion

For the reasons explained in this Order, Robert Lisenby is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:17-cr-222-JMS-TAB-7.** The motion to vacate (Crim. Dkt. 970) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Lisenby has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel